UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALATHIEL REZAR BROWN,

    Petitioner,

v.                                                                             Case No. 2:16-cv-12543

CATHERINE S. BAUMAN,                          Honorable Avern Cohn

    Respondent.
_____/

**MEMORANDUM AND ORDER DENYING THE HABEAS PETITION
AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Salathiel Rezar Brown ("Petitioner") challenges his convictions for second-degree murder, M.C.L. § 750.317, possession of a firearm by a felon, M.C.L. § 750.224f, and possession of a firearm during the commission of a felony ("felony firearm"), M.C.L. § 750.227b. Petitioner claims that his right to due process was violated when a juror ("Juror # 2") had a brief discussion at a social event with an assistant prosecutor-not on Petitioner's case-and the trial court failed to ask the other jurors about any discussions they may have had with Juror # 2. Petitioner also claims that his trial attorney provided ineffective assistance by not objecting to the trial court's failure to question the jurors regarding any impact the actions of Juror # 2 may have had on them.

The State argues that Petitioner procedurally defaulted his due process claim and that the state appellate court's adjudication of Petitioner's claims was not contrary

to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. For the reasons stated below, the Court agrees that Petitioner is not entitled to relief. Accordingly, the petition will be denied.

## II. Background

Petitioner was charged with first-degree murder, felon in possession of a firearm, felony firearm, and two counts of felonious assault. A jury found him not guilty of felonious assault, but guilty of second-degree murder, as a lesser offense of first-degree murder, and guilty, as charged, of felon in possession of a firearm and felony firearm.

The trial court sentenced Petitioner to a term of 100 years to life for the murder conviction, a concurrent term of three years, four months to five years for the felon-in-possession conviction, and a consecutive term of two years for the felony-firearm conviction. The trial court later modified the sentence for second-degree murder to 100 to 150 years in prison.

Petitioner appealed as of right, arguing that the trial court violated his right to due process by failing to question the jurors about any taint caused by the actions of Juror # 2. Petitioner also claimed that defense counsel was ineffective for failing to request further questioning. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision, see People v. Brown, No. 316648, 2014 WL 4495231 (Mich. Ct. App. Sept. 11, 2014). The Michigan Supreme Court denied leave to appeal. See People v. Brown, 860 N.W.2d 636 (Mich. 2015) (table).

Petitioner then filed a pro se habeas corpus petition, raising the following claim:

> A juror at my trial discussed my case (on an evening during the trial) at a dinner party with a prosecutor (not the prosecutor at my trial). Though the

trial court judge dismissed the juror, neither the judge, prosecutor, nor even my lawyer questioned the remaining jurors concerning possible impermissible/prejudicial discussions the ousted juror may have had with the other jury members prior to being ousted.

Petitioner subsequently acquired counsel who filed an amended petition that added an ineffective assistance claim.

### III. Legal Standards

### A. Standard of Review

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.' " Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct

3

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413).

In simple terms, the Supreme Court has said that the standard of review is "difficult to meet" and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Harrington, 562 U.S. at 102, and Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)). The Supreme Court has further said that a federal court must guard against "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 559 U.S. 766, 779 (2010).

Finally, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

4

Amendment." Id. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

> In a habeas case, moreover, review of an ineffective-assistance-of-counsel claim
>
> is "doubly deferential," Cullen v. Pinholster, 563 U.S. 170, 190, 131 S. Ct. 1388, 179 L.Ed.2d 557 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," Burt v. Titlow, 571 U.S. ——, ——, 134 S. Ct. 10, 17, 187 L.Ed.2d 348 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." Burt, supra, supra, at ——, 134 S. Ct., at 13.

Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (per curiam).

### IV. Analysis

### A. Trial Court's Failure to Question the Jurors

Petitioner first claims that he was deprived of due process because the trial court did not ask the jurors who remained on his case whether the actions of Juror # 2 tainted their view of the case. Petitioner argues that, because the trial court failed to explore any impact Juror # 2 may have had on the rest of the jury, the fairness of his trial remains unknown.

5

The Michigan Court of Appeals reviewed Petitioner's claim for "plain error."  The Court of Appeals concluded that the trial court did not plainly err by proceeding without questioning the remaining jurors because the jurors were presumed to be impartial and because there was no evidence that Juror # 2 did or said anything to taint the remaining jurors.

### 1.  Procedural Default

The States argues that Petitioner's due process claim is procedurally defaulted.  In the habeas context, a procedural default is "a critical failure to comply with state procedural law." Trest v. Cain, 522 U.S. 87, 89 (1997).  Under the doctrine of procedural default, "a federal court will not review the merits of [a state prisoner's] claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012).  In this Circuit,

> "[a] habeas petitioner's claim will be deemed procedurally defaulted if each of the following four factors is met:  (1) the petitioner failed to comply with a state procedural rule; (2) the state courts enforced the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner has not shown cause and prejudice excusing the default."  [Jalowiec v. Bradshaw, 657 F.3d 293, 302 (6th Cir. 2011)].  To determine whether a state procedural rule was applied to bar a habeas claim, [courts] look "to the last reasoned state court decision disposing of the claim." Guilmette v. Howes, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

Henderson v. Palmer, 730 F.3d 554, 560 (6th Cir. 2013).

The state procedural rule in question here is Michigan's contemporaneous-objection rule, which requires defendants in criminal cases to preserve their appellate claims by objecting first in the trial court.  See People v. Carines, 597 N.W.2d 130, 137-

38 (Mich. 1999). Petitioner violated this rule by not objecting to the trial court's failure to question the jurors who remained on his case whether the out-of-court conversation that Juror #2 had with a prosecutor tainted them. The first procedural-default factor is satisfied.

The second factor is enforcement of the rule. A state court's review of a claim for "plain error" constitutes enforcement of a state procedural rule, Smith v. Bradshaw, 591 F.3d 517, 522-23 (6th Cir. 2010), and in this case the Michigan Court of Appeals reviewed Petitioner's claim for "plain error." The second factor is satisfied.

The third procedural-default factor requires determining whether the state procedural rule in question is an adequate and independent state ground for denying review of a federal constitutional claim. "The adequacy of a state procedural bar turns on whether it is firmly established and regularly followed; a state rule is independent if the state court actually relies on it to preclude a merits review." Biros v. Bagley, 422 F.3d 379, 387 (6th Cir. 2005) (citing Abela v. Martin, 380 F.3d 915, 921 (6th Cir. 2004)). "Michigan's contemporaneous-objection rule is both a well-established and normally enforced procedural rule," Taylor v. McKee, 649 F.3d 446, 451 (6th Cir. 2011), and the Michigan Court of Appeals relied on the rule to preclude full review of Petitioner's due process claim. Therefore, the third procedural-default factor is satisfied, and Petitioner must show "cause" for his procedural error and resulting prejudice.

## 2. "Cause"

Petitioner contends that his trial attorney should have objected when the trial court failed to question his jurors about the possibility of taint from the misconduct of

7

Juror # 2. An attorney's ineffectiveness in failing to preserve a claim for review in state court can be "cause" to excuse a procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Id. Petitioner must show that his trial "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The Court looks to Petitioner's underlying due process claim to determine whether his trial counsel was ineffective for failing to object to the trial court's handling of the juror-misconduct issue. In other words, the Court must determine whether the due process claim has merit.

### 3. Merits

#### a. Federal Law

The Sixth Amendment to the United States Constitution guarantees the accused in a criminal prosecution the right to an impartial jury. U.S. CONST. amend. VI; Warger v. Shauers, 574 U.S. 40, __, 135 S.Ct. 521, 528 (2014). This right "is applicable to the states via the Fourteenth Amendment," Dennis v. Mitchell, 354 F.3d 511, 520 (6th Cir. 2003), and the failure to accord an accused a fair hearing before a panel of impartial, indifferent jurors violates even the minimal standards of due process. Irvin v. Dowd, 366 U.S. 717, 722 (1961).

In Lang v. Bobby, 889 F.3d 803 (6th Cir. 2018), cert. denied, 139 S. Ct. 798 (2019), the United States Court of Appeals for the Sixth Circuit explained that

8

> [u]nder the standard established by the Supreme Court in <u>Remmer v. United States</u>, [347 U.S. 227 (1954)], when there is evidence of possible juror bias, a defendant is entitled to a hearing with all interested parties present to determine the circumstances, the impact on the juror, and whether the information was prejudicial. 347 U.S. at 229-30, 74 S.Ct. 450. Subsequently, in <u>Smith v. Phillips</u>, [455 U.S. 209 (1982)], the Court narrowed the <u>Remmer</u> standard to require that a petitioner show actual prejudice when alleging juror partiality. 455 U.S. at 217, 102 S.Ct. 940. . . . The Supreme Court held that "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias," and that due process does not require a new trial whenever a juror is placed in a compromising situation. <u>Id</u>. at 215, 217, 102 S.Ct. 940.
>
> In cases applying <u>Remmer</u> and <u>Smith</u>, the habeas petitioner bears the burden to demonstrate that a juror was biased. <u>See</u> <u>Sheppard v. Bagley</u>, 657 F.3d 338, 348 (6th Cir. 2011) (Batchelder, C.J., concurring). Moreover, a juror's testimony at a <u>Remmer</u> hearing is not inherently suspect. <u>See</u> <u>Jackson v. Bradshaw</u>, 681 F.3d 753, 767 (6th Cir. 2012); <u>Zuern v. Tate</u>, 336 F.3d 478, 486 (6th Cir. 2003).

<u>Id</u>. at 811.

### b. Relevant Facts

The Michigan Court of Appeals accurately summarized the relevant facts as follows:

> During voir dire, Juror # 2 disclosed that he was acquainted with a female prosecutor, who he identified as "Emily McConnell." He could not be positive that she worked at the prosecutor's office, but he knew she was a prosecutor. He explained that he only knew her "socially," but that their acquaintance would not affect his ability to fairly decide the case. Defendant did not object to Juror # 2 and he was added to the panel.
>
> On the fourth day of defendant's trial, the prosecutor learned that Juror # 2 had attended a wine-tasting the night before, during which time Juror # 2 mentioned to his prosecutor-acquaintance that he was on jury duty at the circuit court. Outside the presence of the rest of the jurors, the prosecutor brought this issue to the trial court's attention and the trial court questioned Juror # 2:
>
>> <u>The Court</u>: Okay. And [Juror # 2], have you had some conversations with a member of the Wayne County

9

Prosecutor's Office?

Juror # 2: I know someone from the Prosecutor's Office, yes.

The Court: Alright. And it has come to our attention that you talked with them last night; is that correct?

Juror # 2: I was at a dinner engagement.
The Court: Okay. And what's that person's name?

* * *

Juror # 2: Last name is Wolf, and I learned that last night.

The Court: The prosecutor's name is Wolf?

Juror # 2: Correct.

* * *

The Court: Okay. Alright. And earlier when we were doing jury selection you were asked about anybody in law enforcement and you said a person's name that you thought might be with the Wayne County Prosecutor's Office, might not. Is that who you were talking about?

Juror # 2: Yes.

The Court: Okay. Tell us, give us—Tell us all about what happened and what the event was and everything.

Juror # 2: It was a—Her husband, which is why I had the natural, the name wrong.

The Court: Okay.

* * *

Juror # 2: He's my stockbroker and he hosted a wine dinner.

* * *

The Court: Okay.

Juror # 2: The extent of the conversation was that you know I was in a case, you know. I think she asked if it was Circuit Court, and I said yes. And she said well, we can't talk about it. Essentially, that's it.

The Court: Did you tell her about the case, what kind of case it was?

Juror # 2: Um, no. I don't, I don't think so.
The Court: Okay.

Juror # 2: She did ask me who the prosecutor was.

The Court: Okay. And who did you—did you say?

Juror # 2: I said it was an Indian guy.

The Court: Okay. Did she ask you any other questions other than that?

Juror # 2: Um, I don't, I don't recall anything more specific than that.

The Court: Did you talk about that it was a First[-]Degree Murder case or a felony case or anything like that?

Juror # 2: I didn't get into the [sic] level of detail.

The Court: And you didn't—did you tell about who the defendant was or the victim or what—

Juror # 2: No, sir.

* * *

The Court: . . . Sir, have you discussed any of this conversation with any of the other jurors?

Juror # 2: I have not.

The Court: You haven't told them anything about what happened last night or anything?

11

       <u>Juror # 2</u>:  No, sir.

       The trial court dismissed Juror # 2 and the trial proceeded.

<u>Brown</u>, 2014 WL 4495231, at *1–2; <u>see</u> <u>also</u> 5/2/13 Trial Tr. at 27-41 (Doc. 20-6, PageID. 650-664).

### c. Application of the Law to the Facts

       Petitioner's due process claim lacks merit.  Juror # 2 swore to tell the truth when the trial court questioned him, and it is clear from his testimony that he did not discuss his dinner-party conversation with the other jurors.  He was dismissed several days before the jury deliberated Petitioner's case.  The trial court made sure that he did not have any contact with the other jurors after he testified about his actions.

       Moreover, even if Juror # 2 mentioned his dinner-party conversation to the other jurors, his brief conversation with a prosecutor could not have affected the jurors' impartiality because he apparently did not say anything specific about the case, other than to identify the prosecutor by his ethnicity.  This is clear from prosecutor Wolf's text message to the prosecutor in Petitioner's case that she and Juror # 2 "didn't talk about the case, just about the fact that he didn't know my last name."  <u>Id</u>. at 27, PageID. 650. Because trial counsel was deficient, Petitioner has not established "cause" to overcome the procedural default.[1]

---

[1] In light of this determination, it is not necessary to consider whether the alleged error prejudiced Petitioner.  See <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).  Petitioner has also not shown that the failure to consider his claim will result in a fundamental miscarriage of justice because he has not supported his constitutional claim with new and reliable evidence of actual innocence.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

## B. Trial Counsel

Petitioner asserts as an independent claim that his trial attorney was ineffective for not objecting to the trial court's failure to question the jurors after the dismissal of Juror # 2. The Michigan Court of Appeals held that Petitioner was not denied effective assistance of counsel because any objection to the trial court's failure to question the jurors would have been futile. The Court agrees. Petitioner's trial attorney was not ineffective when she did not object to the trial court's failure to ask the remaining jurors whether the actions of Juror # 2 had a prejudicial impact on them. To her credit, trial counsel persuaded the trial court to dismiss Juror # 2 for violating the trial court's order not to talk about the case. Finally, as explained in detail above, Petitioner's underlying due process claim lacks merit. Petitioner cannot show that trial counsel was ineffective for failing to raise a meritless issue. Hoffner v. Bradshaw, 622 F.3d 487, 509 (6th Cir. 2010).

## V. Conclusion

For the reasons stated above, Petitioner's due process claim is procedurally defaulted, and the state court's adjudication of his ineffective-assistance-of-counsel claim was not contrary to, or an unreasonable application of, Strickland.

Accordingly, the petition is **DENIED**.

Further, reasonable jurists could not debate whether the Court's procedural ruling on Petitioner's due process claim is correct or whether Petitioner has stated a valid

claim of the denial of a constitutional right.  Reasonable jurists would not find the Court's assessment of Petitioner's ineffective-assistance-of-counsel claim debatable or wrong. As such, the Court **DECLINES** to issue a certificate of appealability.

SO ORDERED.

s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  6/19/2019  
   Detroit, MI